```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                               )
UNITED STATES OF AMERICA,      )
ex rel. GORDON GREEN,          )
                               )
      Plaintiff,               )
                               )
      v.                       )   Civil Action No. 09-738 (RWR)
                               )
SERVICE CONTRACT EDUCATION     )
AND TRAINING TRUST FUND, et al., )
                               )
      Defendants.              )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Gordon Green has filed a motion *nunc pro tunc* for extension of time to file notice of appeal of the February 13, 2012 Order that dismissed his complaint against the Service Contract Education and Training Trust Fund ("SCETTF"), the Laborers' International Union of North America ("LIUNA"), and five government contractors.[1]  Green brought his action as a relator under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, alleging that the defendants engaged in a scheme to defraud the United States.  The United States declined to intervene in the action.  Green filed a notice of appeal of the dismissal on April 11, 2012, 58 days after entry of the final order.  On May 1, 2012, 78 days after the final order, and following an order by the Court of Appeals for the District of Columbia

---

[1] Green seeks to appeal the final order with regard to only SCETTF and LIUNA.  (Pl.'s Notice of Appeal at 1 & n.1.)

- 2 -

Circuit directing Green to show cause why his appeal should not dismissed as untimely, Green filed the present motion to extend time to appeal.

The deadline to file a notice of appeal is "mandatory and jurisdictional."  Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) (emphasizing that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement").  Under Federal Rule of Appellate Procedure 4 and 28 U.S.C. § 2107, a party in a civil case must file a notice of appeal within 30 days of entry of an appealable order.  Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).  If, however, the United States or an officer or agency of the United States is a party to the action, the time to file notice of appeal is 60 days.  Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2107(b).  In United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 937 (2009), the Supreme Court held that where, as here, "the United States has declined to intervene in a privately initiated FCA action, it is not a 'party' to the litigation for purposes of either § 2107 or Federal Rule of Appellate Procedure 4."  Accordingly, the 30-day time limit governs the filing of a notice of appeal in a privately initiated FCA action, id., and Green's notice, filed 58 days after entry of the final order, is untimely.

- 3 -

In his motion for extension, Green's counsel concedes that the notice of appeal was untimely, but states that he was "unaware of the holding in <u>Eisenstein</u> when deciding when to file Mr. Green's notice of appeal" and that the Memorandum Opinion setting forth the reasons for dismissing the case was "detailed and complex, requiring careful analysis to determine the appropriateness of an appeal." (Pl.'s Mot. *Nunc Pro Tunc* for Extension of Time to File Notice of Appeal ("Pl.'s Mot.") at 3.) Green's counsel contends that these factors warrant a finding of "excusable neglect" entitling Green to an extension. (<u>Id.</u> at 2-3.) Defendants SCETTF and LIUNA oppose Green's motion.

Fed. R. App. P. 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; <u>and</u>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A) (emphasis added). As the text of the rule makes clear, regardless of a showing of good cause or excusable neglect, a district court is empowered to grant an extension only when a party files a motion seeking such relief no later than 30 days after the time for appeal expires. Green's deadline to appeal was March 14, 2012 and, accordingly, his deadline to move for an extension of time to appeal was April 13, 2012. Because Green did not move for an extension until May 1,

his motion is untimely and no rule or statute empowers a district court to provide him relief.  See Bowles, 551 U.S. at 214-15 (finding "no authority to create equitable exceptions to jurisdictional requirements" and accordingly affirming the dismissal of an appeal brought after a district court purported to extend a party's time for filing the appeal beyond the period allowed by Rule 4 and 28 U.S.C. § 2107).

Green contends in his reply that a district court possesses the authority to grant his untimely motion under the D.C. Circuit's decision in Anderson v. District of Columbia, 72 F.3d 166 (D.C. Cir. 1995) (per curiam), which held that a *timely* notice of appeal was valid, even though the notice mistakenly stated that appeal was being taken to the United States Supreme Court rather than the United States Court of Appeals.  The Anderson decision noted that the district court had denied the plaintiff's motion under Rule 4 to correct his error on the grounds that a motion for extension of time to file notice of appeal must be filed no later than 30 days after the time for noting an appeal has passed.[2]  Id. at 167.  However, in holding that the notice of appeal was valid, the Anderson court did not endorse the view, advanced by Green, that a district court could grant a motion for extension outside the statutory period

---

[2] The plaintiff had filed his Rule 4 motion 137 days after expiration of the appeal deadline.  Anderson, 72 F.3d at 167.

prescribed by Rule 4.  Rather, the court's decision rested on its interpretation of a separate provision, Rule 3(c), which requires that a notice of appeal designate the name of the court to which appeal is taken, and with which the court found the plaintiff's notice sufficiently complied "because it was obvious in which court his appeal properly lay."  Id. at 168.  Anderson therefore does not provide authority for the proposition that a district court may consider a motion for extension of time to appeal filed outside the statutorily prescribed period.  Neither do the other cases that Green cites without elaboration favor his position. See, e.g., Farmhand, Inc. v. Anel Eng'g Indus., Inc., 693 F.2d 1140, 1145-46 (5th Cir. 1982) (noting that, following notice of appeal, district courts maintain jurisdiction as to unrelated matters and may take action in aid of the appeal such as making clerical corrections); Athridge v. Iglesias, 464 F. Supp. 2d 19, 22-23 (D.D.C. 2006) (same).

Green emphasizes that his notice of appeal was filed within 60 days of entry of the final order, seeming to suggest that his untimely motion for extension somehow relates back to the notice of appeal or that the filing of the notice itself functioned as a request for an extension.  (See Pl.'s Reply at 2 ("Mr. Green's notice was filed *within* the sixty-day time period, and the motion to allow the already-filed notice to be effective may be considered.") (emphasis in original).)  Eleven circuits have

considered whether a notice of appeal can be treated as a motion for extension of time to appeal under Rule 4(a)(5) and all have answered in the negative.  Wyzik v. Emp. Benefit Plan of Crane Co., 663 F.2d 348, 348 (1st Cir. 1981) (per curiam)[3]; Campos v. LeFevre, 825 F.2d 671, 675-76 (2d Cir. 1987); Herman v. Guardian Life Ins. Co. of Am., 762 F.2d 288, 289-90 (3rd Cir. 1985) (per curiam); Myers v. Stephenson, 748 F.2d 202, 204 (4th Cir. 1984); Bond v. W. Auto Supply Co., 654 F.2d 302, 303-04 (5th Cir. 1981); Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir. 1983); United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1239-40 (7th Cir. 1986) (per curiam); Campbell v. White, 721 F.2d 644, 645-46 (8th Cir. 1983); United States ex rel. Haight v. Catholic Healthcare W., 602 F.3d 949, 956 (9th Cir. 2010); Mayfield v. U.S. Parole Comm'n, 647 F.2d 1053, 1055 (10th Cir. 1981) (per curiam); Brooks v. Britton, 669 F.2d 665, 667 (11th Cir. 1982).  The D.C. Circuit has not passed on the issue.  Nonetheless, the Supreme Court's exhortation in Bowles, 551 U.S. at 214-15, that federal courts not fashion equitable exceptions to the

---

[3] The First Circuit reserved the question "[w]hether or not in truly extraordinary circumstances beyond the ability of counsel to foresee or guard against, a court would have any flexibility in applying this rule."  Wyzik, 663 F.2d at 348. That Green's counsel was unaware of Eisenstein, a Supreme Court case decided three years ago, does not constitute "truly extraordinary circumstances," despite counsel's contention that the case is in apparent contradiction with prior holdings and that therefore it was "not obvious" that the 60-day deadline for appeal of actions in which the United States is a party did not govern this case (Pl.'s Reply at 3; see also Pl.'s Mot. at 2-3).

- 7 -

jurisdictional requirement of a timely appeal counsels strongly in favor of following the considered, uniform guidance of sister circuits.  The same result, moreover, is compelled by the Supreme Court's unanimous decision in Eisenstein.  There, the Court chose to affirm the dismissal of a relator's appeal rather than to remand for the district court to consider whether to construe as a motion for extension the untimely notice of appeal that the relator filed, as Green did here, in reliance on the 60-day deadline, or to provide some other relief.  Eisenstein, 556 U.S. at 937.  Accordingly, it is hereby

ORDERED that the plaintiff's motion [91] *nunc pro tunc* for an extension of time to file a notice of appeal be, and hereby is, DENIED.

SIGNED this 31st day of May, 2012.

                                                                                          /s/
                                                  RICHARD W. ROBERTS
                                                  United States District Judge